J-S57028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL ARTHUR EARLEY | |
| Appellant | No. 842 MDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Huntingdon County
Criminal Division at No: CP-31-CR-0000182-2016

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:       **FILED: FEBRUARY 28, 2020**

Appellant, Paul Arthur Earley, appeals from the May 15, 2019 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a no-merit letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1]  We affirm.

---

[1] Counsel incorrectly filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  ***Anders*** applies on direct appeal, whereas ***Tuner*** and ***Finley*** govern the procedure on collateral review.  Regardless, this Court will accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief provides greater protection to the appellant.  ***Commonwealth v. Widgins***, 29 A.3d 816 (Pa. Super. 2011).  Our review of counsel's filing reveals that she complied with the requirements of ***Anders***.  Thus, pursuant to ***Widgins***, we accept the filing as sufficient to discharge counsel's obligation under ***Turner/Finley***.

On February 14, 2014, Appellant pled *nolo contendere* in Blair County to corruption of minors, 18 Pa.C.S.A. § 6301, resulting in a 15-year registration requirement under the then-extant version of the Sexual Offender Registration and Notification Act ("SORNA"). The sexual offenses leading to the conviction occurred from November 6, 2013 to November 10, 2013.

On September 22, 2016, Appellant pled guilty in Huntingdon County to failing to register in accordance with SORNA, as per 18 Pa.C.S.A. § 4915.1. That same day, the trial court imposed one to three years of incarceration plus fines and costs. Appellant did not file an appeal. On September 21, 2017, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel on September 26, 2017, and Appellant subsequently sought appointed counsel's removal. Appellant filed an amended *pro se* petition on January 11, 2019. The PCRA court appointed replacement counsel on February 13, 2019, and then conducted a hearing on March 26, 2019. On May 15, 2019, the PCRA court denied relief.

Counsel's filing states that Appellant wishes to challenge his conviction pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), in which our Supreme Court held that SORNA's registration requirements impose criminal punishment and cannot be applied retroactively to offenders whose misconduct predated SORNA's passage. Appellant also wishes to argue that the registration requirement violates his federal and state constitutional rights to liberty, reputation, and due process. Counsel's Brief, at 9.

We observe several insurmountable obstacles to the relief Appellant seeks. First, *Muniz* does not apply because Appellant's criminal conduct post-dated SORNA's effective date (December 20, 2012). Second, Appellant was not determined to be a sexually violent predator, such that the underlying Blair County sentence might have been infirm under this Court's holding in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). Third, neither this Court nor the PCRA court has jurisdiction over the Blair County sentence, and Appellant has never challenged its legality. Appellant filed this petition at Huntingdon County docket number 182 of 2016, at which Appellant pled guilty to failing to report. Fourth, if Appellant wished to argue that he was not subject to conviction for failure to report, owing to the unconstitutionality of the underlying reporting requirement imposed in the Blair County case, he should not have pled guilty. Appellant's constitutionality arguments are not cognizable on collateral review because he waived them. 42 Pa.C.S.A. § 9543(a)(3).

Having reviewed the record and the applicable law, we agree with counsel's assertion that there is no merit to any issue Appellant wishes to raise. We therefore affirm the PCRA court's order.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/28/2020</u>